1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 BRIAN DEVERICK LEWIS,                    CASE NO. 04-CV-2468-JLS (NLS)

12                              Plaintiff,    **ORDER: (1) ADOPTING R&R, (2)**
                                            **OVERRULING OBJECTIONS,**
13       vs.                                **AND (3) GRANTING MOTION TO**
                                            **COMPEL**
14 S. RYAN, et. al.,
                                            (Doc. Nos.152, 159, & 162.)
15                              Defendants.

16

17       Presently before the Court are Plaintiff's motion to compel discovery, Magistrate Judge

18 Stormes's Report and Recommendation, and Plaintiff's objections.  (Doc. Nos. 152, 159 & 162.)

19 Plaintiff filed the instant motion to compel in order to discover documents related to his allegation that

20 pork was served to inmates with religious objections.  Magistrate Judge Stormes concluded that

21 Defendants' destruction of the relevant documents was wrongful, and that Defendants' should be

22 subject to sanctions for spoliation.  Judge Stormes considered whether the proper sanction would be

23 an adverse inference, the exclusion of evidence, or dismissal and concluded that an adverse inference

24 was warranted.  (R&R at 9–12.)  Although Defendants did not file objections to the R&R, Plaintiff

25 objects that the R&R should have imposed a "default sanction."

26       Plaintiff claims that this is an extraordinary circumstance and that imposing any sanction less

27 than default "is equivalent to rewarding [Defendants] for destroying Plaintiff's evidence."  As

28 Magistrate Judge Stormes recognized, "[d]ismissal is only warranted under Rule 37 when less drastic

1  sanctions cannot correct the prejudice from the disobedient conduct." She also properly recognized

2  that "there are no extraordinary circumstances" here and that "default sanctions are not necessary to

3  counteract the prejudice from the destruction of the documents." Further, it is clear that an adverse

4  inference does not reward Defendants for destroying evidence. It, in fact, does exactly the opposite.

5  At summary judgment and at trial, Plaintiff will be entitled to the inference that the destroyed

6  documents show that pork was served. As such, the Court finds that Plaintiff's objection is meritless.

7  Therefore, the Court **ADOPTS** the R&R and **OVERRULES** Plaintiff's objection. Plaintiff's

8  motion to compel discovery and for sanctions is **GRANTED**. Plaintiff shall be given the benefit of

9  an adverse inference that the documents destroyed by Defendants would have shown sufficient

10  incidents of serving pork to rise to the level of a Constitutional violation and evidence that unfairly

11  prejudices Plaintiff in light of Defendants' spoliation shall be excluded.

12  IT IS SO ORDERED.

13

14  DATED: October 23, 2009

15  _____
   Honorable Janis L. Sammartino
16  United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28